McBRIDE, Judge.
This is a suit by Mitchell Hall, a 64 year old man, who alleges that on the morning of June 1, 1950 he was struck by an automobile-jeep operated by Richard Alfortish, defendant, on Jackson Avenue approximately 125 feet from the intersection of Loyola Avenue, the result being that he sustained physical injuries for which he makes claim for $1573.50. By means of an intervention the Board of Administrators of the Charity Hospital of Louisiana in New Orleans claims of both parties the sum of $223.50 plus attorney’s fees, for the hospitalization and treatment of plaintiff.
The result of the trial below was the dismissal of both the main and incidental demands; plaintiff has appealed from the judgment.
Jackson Avenue at the point of the accident is a forty foot wide black-topped thoroughfare which accommodates a two-way traffic movement. It is alleged that defendant, who was operating the jeep in the direction of the lake, was traveling at 50 miles per hour, and that he negligently drove his machine into plaintiff, who was attempting a crossing of the street on foot from the uptown to the downtown side of Jackson Avenue. On defendant’s behalf negligence is denied, and it is asserted that plaintiff was “jay walking” and ran directly into the path of defendant’s car; alternatively, it is alleged that plaintiff’s contributory negligence was the proximate cause of his injuries.
As there were but three eye witnesses, the plaintiff and James Gibson on the one side, and the defendant on the other, whose testimony is in complete disharmony, a decision of the case depends on whose testimony is to be believed. Plaintiff’s story is that he looked in both directions before attempting to cross the street and saw no approaching vehicles, and had reached a point about 8 feet from the downtown curb when he was run into by the car. He claims that he never knew of the presence of the jeep until it hit him. Gibson, who was standing about 20 feet from the point of impact, claims that he saw defendant’s vehicle when it was some distance beyond Loyola Avenue, and that it did not stop or slow down for the intersection; he estimates its speed at 45 or 50 miles per hour. According to Gibson, plaintiff walked at a normal gait across the street without altering his movement or direction, and that he had reached to about 7 feet from the downtown curb when he was struck by the right side of the front bumper of the car.
On the other hand, Alfortish testifies that he slowed for the Loyola Avenue intersection and was moving along about 20 miles per hour. He admits having seen Hall in the middle of the street when he was 125 feet away from him. He describes Hall’s actions as follows:
“I saw him and I blew my horn and he stopped and turned around to go back the way he had come, so I continued on, and he turned again and ran in front of me.”
Alfortish maintains that it was the left part of the front bumper that hit Hall when Hall was approximately 15 or 18 feet away from the downtown curb.
In his written reasons for judgment the trial court commented upon the conflict in the testimony and characterized the *725 testimony of plaintiff and his witness as being highly improbable. It was the judge’s opinion that the defendant’s testimony as to how the 'accident occurred is the more probable, and the judgment was predicated on the court’s acceptance of the defendant’s evidence. We perceive no manifest error in these findings.
Both in brief and in oral argument plaintiff’s counsel concedes that Hall was negligent in that he attempted to cross the street in the middle of the block, but he pitches his case on the doctrine of the last ■clear chance and its extensions — the doctrines of discovered peril and apparent peril. The argument is advanced that defendant having seen Hall walking in the street was under the duty of stopping his car or taking other appropriate measures to avoid the accident. This argument might perhaps be valid were it not for the fact that Hall saw the oncoming car and turned and walked two steps in the direction from whence he had come. This action on Hall’s part led Alfortish to believe, and we think that he had the right to assume, that Hall was cognizant of the approach of the car and removed himself from its path so that it could pass him by. There was nothing to indicate to Alfortish that instead of waiting until the car passed that Hall would attempt to run across the street directly in front of the car. As we said in the case of Fontenot v. Freudenstein, La.App., 199 So. 677, 680:
“ * * * Often, in crossing a street, a pedestrian, seeing a car approaching and about to pass in front of him, continues on his course until within a few feet of the path of the car and then stops to allow it to go by.”
See also Atchley v. Toye Bros. Yellow Cab Co., La.App., 35 So.2d 888.
There is no room to admit the doctrine of the last clear chance or its offshoot doctrines in this case. The evidence amply discloses that when Hall made his ill-timed run in front of the oncoming car Alfortish immediately applied his brakes, skidded for some distance and stopped only a few feet ‘after striking Hall. We are convinced that Alfortish did everything humanly possible to avoid running into the plaintiff. .
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.